PIONEER PRINTING COMPANY, Appellants, *vs.* SANBORN, FRENCH & LUND, Respondents.

#### APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

A Sheriff has the right to give a deputy all the fees pertaining to the services he may render as such deputy, in order to secure his services.

If the facts stated by a garnishee, leave a reasonable doubt as to whether he is owing the principal debtor, or has property in his hands belonging to him, judgment should be rendered in favor of the garnishee.

*Quere,* whether the pay of a public officer can be garnisheed?

The Appellants summoned the law firm of Sanborn, French & Lund, as garnishees, upon their indebtedness to James Y. Caldwell, for services rendered by said Caldwell as Sheriff of Ramsey County, to the garnishees.

The substance of the evidence given upon the disclosure, is stated in the opinion of the Court. The Plaintiffs below moved for judgment against the garnishees, which motion was denied.

The following are the points and authorities relied upon by the Counsel for the Appellants:

*First.*—The disclosure of said Garnishees shows that they were indebted to James Y. Caldwell at the time of the service of the summons, in this action, in the sum of $244,54, for services already performed, for said Garnishees, by said Caldwell, the Sheriff.

*Second.*—Said disclosure shows that said Garnishees employed the Sheriff themselves, and always paid him themselves; that the Sheriff always charged his fees against them, and made out his bills against them.

"In all cases the attorney is liable to the Sheriff for his fees." *Ousterlout vs. Day,* 9 *Johns. R.,* 114; *Adams vs. Hopkins,* 5 *Johns. R.,* 252.

*Third.*—The Sheriff may demand his legal fees for any services, before rendering such services. And in this case the

Sheriff considered the above mentioned sum due from said Garnishees at the time of the service of the summons herein, and has demanded the same as due of said Garnishees. *Stat. Min,, p.* 593, *Sec.* 38.

*Fourth.*—Where the statute fixes the fees to be allowed to a public officer for specific services, the fees become due severally, as soon as the specific services are rendered.

The right to the compensation grows out of the rendition of the services, as they are respectively rendered, and not out of any contract whatever; the Sheriff is entitled to his fees for what he does. *Connor vs. Mayor of New York*, 1 *Seld. R.*, 285; *Parsons vs. Bowdoin*, 17 *Wend. R.*, 14.

Where a jury is summoned for a circuit, but the Sheriff goes out of office before the return of the venire, held that he is entitled to his fees, for summoning the jury, but not for the return of his venire. *Woods vs. Gibson*, 6 *Johns. R.*, 125.

*Fifth.*—All fees allowed an officer for the service of an execution, shall be collected by virtue of such execution in the same manner as the sum therein directed to be levied. The whole sum bidden at the sale of property, becomes due at once upon the sale. *Stat. p.* 587.

*Sixth.*—Said disclosure shows that the Garnishees bid off four lots at the sale in said disclosure mentioned, for the express purpose of paying all the costs, including Sheriff's fees therein, which therefore became due instanter upon such sale, from said Garnishees.

*Seventh.*—Nothing passed by the pretended assignment dated January 15th, 1859, and attached to said disclosure.

In this country a Sheriff has no property in his office. He cannot foreclose, sell or encumber it in any way; it will not pass by an assignment of all his property, or by any form of words, either in law or equity.

A public officer has no property in the prospective compensation attached to his office, whether it be in the shape of a salary or fees, the prospective salary or other emoluments of a public office, are not property in any sense, and may be increased, reduced or regulated by law, at all times, except in the cases in which the Constitution has expressly forbidden it.

*Conner vs. Mayor of New York,* 1 *Seld. R.*, 285; 7 *Hill's R.*, 81.

*Eighth.*—The future fees of the Sheriff, at the date of said supposed assignment, constituted a mere possibility coupled with no interest, and could not be assigned.

A power of attorney, although irrevocable in terms, does not amount to an assignment when no assignable interest existed at the time. *Marshall vs. Quinn et Trustees,* 1 *Gray (Mass.) R.*, 105; *Hall vs. Jackson,* 20 *Pick. R.*, 194.

*Ninth.*—The supposed assignment was made long before the indebtedness in question accrued, and does not purport to convey *upon its face, any fees accruing after its date.* The assignor was under no contract with the Garnishees at the time of the assignment.

*Tenth.*—The assignment of a public office, or of its fees or emoluments, is void, as against public policy. *Flarty vs. Adlum,* 3 *Term Rep.*, 681; *Lidderdale vs. Duke of Montrose,* 4 *Term Rep.*, 248; 1 *Story's Equity, Sec's.* 294–5; *Ferris vs. Adams,* 23 *Vt. Rep.*, 136; *Munsell vs. Davis,* 4 *Hill's Rep.* 642.

*Eleventh.*—The Sheriff shall be responsible for the acts of his deputy, and may remove said deputy at pleasure. *Stat. p.* 161, *Sec.* 5.

The said supposed assignment binds said Caldwell, to keep said deputy Turnbull therein named, as his deputy during the whole of his term of office, for a valuable consideration, but which is grossly inadequate; and it was clearly made with intent to delay and defraud the creditors of said Caldwell, in the collection of their just dues.

The following are the points and authorities relied upon by the Counsel for Respondents:

The judgment of the District Court should be affirmed upon the following grounds:

*First.*—It appears from the disclosure of the Garnishees, that the services rendered by G. W. Turnbull, Deputy Sheriff of Ramsey County, for which they are sought to be charged, were rendered for the said Garnishees as attorneys, in levying upon and selling property under four executions.

An attorney acting in the ordinary course of his business, is not liable to an officer for his fees where the officer knows he acts merely as an attorney. 2 *Kent's Com.*, 383, note (*h*) *Hartop vs. Jackson*, 2 *M. &. S.*, 438; *Fairlie vs. Maxwell*, 1 *Wend.*, 17; 1 *Parsons on Contracts*, 54; *Dunlap's Paley on Agency*, 368, 370, 383.

The cases holding the contrary, all arose under a statute where the Sheriff has no discriminating power left him, whether to perform the services or not, but is bound to execute every legal process delivered to him before he can demand his fees. Under our statute, if the Sheriff is unwilling to trust to the responsibility of the creditors, he can demand payment of his fees in advance, and thus protect himself. *R. S.*, *p.* 593, *Sec.* 38; *Chitty on Contracts*, 505.

*Second.*—It appears from the disclosures that the fees due to the officer accrued for levying upon and selling property, but that the sale so made was incomplete in this, that nothing has yet been paid, and that no certificates of sale, or other evidence of title have been executed by the Sheriff, to the purchasers. If the Sheriff waives the statutory right of demanding his fees before performing any service, there is nothing due to him for executing any legal process delivered to him, until all the services connected with the execution have been performed. The obligation of the Sheriff to complete the execution of any process before he is entitled to his fees, cannot be distinguished upon principle from a contract where performance is a condition precedent to the right to demand payment. The right to demand payment in advance, is a provision for the benefit of the officer, of which the creditors cannot take advantage. 2 *Parsons on Contracts*, 31; *Clark vs. Baker*, 5 *Met.* 452; *R. S.*, *p.* 662; *McMinn vs. Hall*, 2 *Tenn.* 328; *Drake on Attachment*, *Sec.* 551.

*Third.*—On the 15th day of January, 1859, James Y. Caldwell assigned certain fees and accounts then due to him as Sheriff, and all fees and emoluments to accrue thereafter, to Geo. W. Turnbull. This assignment is valid and binding.

1. An assignment of the fees and emoluments of the office of Sheriff, which at the time have no potential existence, but

rest in expectancy merely, is valid in equity as an agreement, and takes effect as an assignment when the fees and emoluments intended to be assigned, are brought into existence. *Field vs. Mayor & Co., of New York*, 2 *Seld.* 179; 2 *Story's Equity*, Sec. 1040, *and cases cited; Brackett vs. Blake*, 7 *Metcalf*, 335; *Crocker vs. Whitney*, 10 *Mass.*, 319; *Cutts vs. Perkins*, 12 *Mass.*, 205; *Weed vs Jewett*, 2 *Metcalf*, 608; *Gardner vs. Hoery*, 18 *Pick.* 170; *Drake on Attachment, Sec.* 612.

2. The assignment is void as against public policy. It is not a purchase of deputation to an office, but a mere assignment of fees due and to become due. Such assignments are protected in equity. *Bracket vs. Blake*, 7 *Metcalf*, 335; *Mott vs. Robbin*, 1 *Hill*, 21.

The mere fact that the Sheriff covenants to retain Geo. W. Turnbull as deputy, during the remainder of his term of office as Sheriff, if void, cannot vitiate the assignment. Such a covenant, if void, being so at common law *only*, and not by reason of a statute, the law in such cases applies the principle "*ut res mages voleat quam pereat,*" and gives effect to that portion of the agreement not connected with it. *Chitty on Contracts*, 597; *Caster vs. Lovillant*, 14 *Wend.*, 265; *Hanley vs. James*, 5 *Paige*, 318; *Darling vs. Rogers*, 22 *Wend.*, 483.

M. LAMPREY and WM. SPRIGG HALL, Counsel for Appellants.

GEO. L. & E. A. OTIS, Counsel for Respondents.

*By the Court*—EMMETT, C. J. We held in the case of *Banning vs. Sibley*, decided at this term, that if the facts stated by a garnishee leave a reasonable doubt as to whether he is owing the principal debtor, or has property in his hands belonging to him, judgment should be rendered in favor of the garnishee.

In the present case the principal debtor was the Sheriff of the County of Ramsey, and the alleged indebtedness accrued as fees for services rendered in his official capacity. The services, it appears, were in fact rendered by one G. W. Turnbull, one of the Sheriff's deputies, who claims that he is entitled to the fees. In proof of which he shows that he rendered the services, and also produces an assignment from the Sheriff of

all the fees then due or to become due to such Sheriff, and which further contained an authority to said Turnbull to act as deputy Sheriff, and to receive the fees and emoluments therefor, not only to the extent of those growing out of the services and duties performed by said Turnbull, but even those of the Sheriff himself and all his other deputies. Whether the Sheriff could legally go to this extent we need not here decide; but he certainly would have the right, in order to secure the services of any person as deputy, to give to him all the fees pertaining to the services he might render as such. Indeed, it seems to me that in the eye of the law a contract of that kind would be viewed with more favor than one by which the deputy was obliged to pay a portion of his earnings to his principal. An arrangement like the latter has more the appearance of farming out an office, and as the law is not presumed to allow as fees any more than the services are worth, a deputy who has to divide with his principal is under great temptation to make up the loss by extortion.

There is still another difficulty in this case. These services, although rendered at the instance of the garnishees, yet it was known to the party rendering them that the garnishees were acting merely as the attorneys of other parties; and whether they are to be held individually responsible for services thus rendered, for and on behalf of their clients, cannot be satisfactorily determined by the facts appearing in this case. So far, then, as the present case is concerned, it is not only uncertain that these fees are due to the judgment debtor, (they being claimed, as we think rightfully, by the deputy rendering the services,) but is also very doubtful whether the parties garnisheed are liable therefor to any one.

These doubts under the rule established in the case referred to, of *Banning vs. Sibley*, determine this case in favor of the garnishees, and render it unnecessary to consider another question of great importance, which has suggested itself in the examination of this case, but which was not argued—Whether it is not equally against public policy to permit the pay of a public officer to be garnisheed, whether the same come to him by way of a fixed salary, or in the shape of fees only.

Judgment affirmed.